United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIS SHAIKH,<br><br>    Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 18-cv-04394-MMC (TSH)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 27 |

Plaintiff Anis Shaikh has sued Defendant Aetna Life Insurance Company under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking reversal of Aetna's termination of his long-term disability benefits. ECF No. 1 (Complaint) ¶¶ 1, 87. He alleges the termination was due to Dr. Timothy Craven's independent physician review, which was riddled with errors. *Id*. ¶¶ 63-70. Shaikh now seeks discovery into "the neutrality and credibility of Dr. Craven," ECF No. 27 at 6 (motion to compel). The discovery requests at issue are as follows:

> Interrogatory No. 1: State the total number of CLAIMS, per year, for which AETNA obtained a medical review or opinion by Dr. Timothy Craven, in each of the following years: 2007 through the present.
>
> Interrogatory No. 2: State the total amount of compensation paid, per year, by AETNA for any work or services performed by Dr. Timothy Craven, in each of the following years: 2007 through the present.
>
> Interrogatory No. 3: State the number of hours per week that Dr. Timothy Craven has spent treating patients during the course of his employment in each of the following years: 2016, 2017, and 2018.
>
> Request for Admission No. 1: Admit that the document attached as Exhibit 1 to these Requests for Admission is a true and correct copy of the curriculum vitae for Dr. Timothy Craven.

The first two interrogatories are aimed at the issue of bias, the idea being that Craven is effectively on Aetna's payroll, so his medical opinions are warped in the company's favor.[1] The

---

[1] Aetna is both the claims administrator and the entity that pays the benefits, but Shaikh says he does not seek discovery on the question of whether Aetna operated under a structural conflict of

third interrogatory presumably seeks information showing that Craven hardly ever actually treats patients, as corroboration that he is not really an independent physician but a paid shill for Aetna. The point of the RFA is that the attached c.v. states that Craven has been an independent consultant for Aetna for 10 years – also an inquiry into his bias. The question presented by Shaikh's motion to compel is whether the Court should order Aetna to answer these questions.

The Ninth Circuit has held that in ERISA cases involving *de novo* review, such as this one, "new evidence may be considered" outside the administrative record "under certain circumstances to enable the full exercise of informed and independent judgment." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995). Quoting a Fourth Circuit decision, the Ninth Circuit explained that a district court should do this "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Id*. at 944 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)). The following is "a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary":

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta v. Northwest Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Quesinberry*, 987 F.2d at 1027)).

*Mongeluzo* and *Opeta* dealt with what evidence a court may consider in conducting the *de novo* review, but lower courts have inferred that by implication they also limit discovery. "It makes little sense to allow broad and costly discovery when the court's review of the merits is limited to the administrative record (except in narrow circumstances where additional evidence is

---

interest. ECF No. 27 at 10 n.3 (motion to compel).

2

necessary to conduct an adequate *de novo* review)." *Gonda v. Permanente Med. Grp., Inc.*, 300 F.R.D. 609, 613 (N.D. Cal. 2014). "In many ERISA cases, discovery is not only irrelevant, it also undermines ERISA's goal of facilitating quick and inexpensive proceedings." *Id.*; *accord Knopp v. Life Ins. Co. of N. Am.*, 2009 WL 5215395, at *3 (N.D. Cal. Dec. 28, 2009) ("[T]he natural implication of *Opeta* is that limits should be placed not only on the admissibility of evidence but also on the discoverability of information.").

The bias evidence that Shaikh wants to develop is that Craven did a lot of work for Aetna and received a lot of money for it. "However, several district courts in this circuit have held that the mere fact that a physician receives compensation from a plan administrator for performing medical reviews is insufficient by itself to be probative of bias." *Polnicky v. Liberty Life Assurance Co. of Boston*, 2014 WL 969973, at *2 (N.D. Cal. Mar. 5, 2014) (citing cases holding that a pattern of work for the plan administrator that amounted to large sums of money was not probative of bias). Relying on these precedents, the court in *Polnicky* denied discovery into the compensation the plan administrator in that case had paid over the course of several years to one of the treating physicians – a holding that is difficult to distinguish from this case.

The Court in *Nguyen v. Sun Life Assurance Co. of Canada*, 2015 WL 6459689 (N.D. Cal. Oct. 27, 2015), denied similar discovery. Just as Shaikh alleges here, the plaintiff in *Nguyen* saw evidence of bias in the consultants' "incredible" opinions that were "contrary to the weight of the administrative record," and supposedly justified "additional discovery under *Opeta*." *Id*. at *7. The court disagreed. "That these reviewers reached conclusions different from those reached by the plaintiff's treating physicians" – which is true here as well – "does not stand as evidence that the outside physicians were biased." *Id*. at *8. They could, after all, just be "wrong." *Id*.

The court in *Nguyen* grounded its analysis not only in the failure to show bias but also in two key analytical points. *Id*. at *9-11. First, in *Opeta*, the Ninth Circuit held that discovery in *de novo* ERISA cases is appropriate only in limited and exceptional circumstances. *Id*. at *9. The kind of bias showing in *Nguyen* and in this case is hardly limited or exceptional. Shaikh wants to develop evidence concerning how much work Craven has done for Aetna and how much he has been paid for it. Large plan administrators such as Aetna presumably have many independent

3

consultants who they work with repeatedly. Even if it is true that Craven worked for Aetna a lot, and therefore they have paid him a lot, that sounds like the routine case, not the exceptional one. And the threshold allegations that Craven's medical opinion is contrary to the weight of the administrative record is something ERISA plaintiffs often allege. It's not exceptional either. Permitting the requested discovery in this case is inconsistent with the limitations *Opeta* contemplates on extra-record evidence in *de novo* cases.

Second, *Nguyen* explained that "*de novo* review, by its nature, need not concern itself with the motives of plan administrators or their paid third-party medical reviewers. The only question on *de novo* review, as we have repeatedly said, is simply . . . whether the plan administrator correctly or incorrectly denied benefits." *Id*. at *10 (citation and quotation marks omitted). "*Why* the administrator reached a putatively incorrect decision . . . is supplanted and made irrelevant by the directness and simplicity of the *de novo* inquiry." *Id*. (quotation marks omitted; emphasis in original). Here too, if Shaikh's allegations are correct that Craven's opinion is inconsistent with the medical evidence, the court can just disregard the opinion on *de novo* review. Why Craven made the wrong judgment call, if he did, is neither here nor there.

Some courts have held differently. "Facing essentially the same 'bias' and 'credibility' arguments that the plaintiff makes here, these cases have held that *Opeta* sanctions additional discovery into the relationship between a plan administrator and its outside medical reviewers," *id*. at *9 (citing cases). This Court agrees with *Nguyen* that those decisions are inconsistent with *Opeta*. If the contention that an independent medical reviewer has done a lot of work for a plan administrator, and received a lot of money from it, is enough to justify discovery, then discovery in *de novo* ERISA cases would be the norm, not the exception.

For the foregoing reasons, Shaikh's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge

4