IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIS SHAIKH,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 18-cv-04394-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST**<br><br>Re: Doc. No. 49 |

Before the Court is plaintiff Anis Shaikh's ("Shaikh") Motion for Attorneys' Fees and Prejudgment Interest, filed April 6, 2020. Defendant Aetna Life Insurance Company ("Aetna") has filed opposition, to which Shaikh has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

In this action under the Employment Retirement Income Security Act ("ERISA"), the Court, on March 24, 2020, granted Shaikh's motion for judgment and denied Aetna's cross-motion for judgment. Subsequently, Shaikh filed the instant motion, by which he seeks an award of attorneys' fees in the amount of $163,990, as well as an award of prejudgment interest in the amount of $2579.79.

## DISCUSSION

**I.   Attorneys' Fees**

    **A.   Entitlement to Award**

In an ERISA action to recover unpaid disability benefits, "the court in its discretion

---

[1] By order filed May 7, 2020, the Court took the motion under submission.

1  may allow a reasonable attorney's fee and costs of action to either party." See 29 U.S.C.
2  § 1132(g)(1); see also Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1982)
3  (listing factors to be considered in determining whether to award attorney's fee under
4  § 1132(g)).  The Ninth Circuit has held that "[t]his section should be read broadly to mean
5  that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his
6  rights under his plan, should ordinarily recover an attorney's fee unless special
7  circumstances would render such an award unjust." See Smith v. CMTA–IAM Pension
8  Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation and citation omitted).  "As a
9  general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee
10  'if they succeed on any significant issue in litigation which achieves some of the benefit
11  the parties sought in bringing suit.'" Id. at 589 (quoting Hensley v. Eckerhart, 461 U.S.
12  424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).
13      Here, Aetna acknowledges Shaikh is entitled to reasonable attorneys' fees.
14  Accordingly, the Court need only determine the amount of such an award.
15      **B.    Amount of Award**
16      In determining the amount of attorneys' fees to be awarded under § 1132(g), a
17  district court first "must determine a 'lodestar' amount by multiplying the number of hours
18  reasonably expended on the litigation by a reasonable hourly rate." See D'Emanuele v.
19  Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990).  The district court
20  then may increase or decrease the lodestar amount based on various factors that are not
21  subsumed within the initial calculation of the lodestar. See id.  "Such upward or
22  downward adjustments," however, "are the exception rather than the rule since the
23  lodestar amount is presumed to constitute a reasonable fee." Id.  Here, neither party
24  seeks an adjustment to the lodestar figure.
25      In determining the lodestar figure, the district court should exclude hours that were
26  not reasonably expended. See id. at 1384.  Once the number of hours is set, the district
27  court must "determine a reasonable hourly rate considering the experience, skill, and
28  reputation of the attorney requesting fees." See id.  The determination of a reasonable

rate "is not made by reference to rates actually charged," but by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." See id. (internal quotation and citation omitted).

### 1. Total Hours

Here, Shaikh seeks attorneys' fees for 232.2 hours spent on the instant litigation, from July 12, 2018 through April 23, 2020, by attorneys Cassie Springer Ayeni ("Springer Ayeni"), Rachel Coen ("Coen"), and Jeena Jiampetti ("Jiampetti"), as well as by paralegal Dominika Wilson ("Wilson"). (See 2nd Springer Ayeni Decl. Ex. 5 at 2.)[2] Aetna, as set forth below, challenges the reasonableness of the number of hours expended by Shaikh's attorneys and the above-referenced paralegal.

#### a. Discovery

In advance of filing his Motion for Judgment, Shaikh filed a Motion to Compel Discovery, which motion was denied. In light of such denial, Aetna argues the total hours should be reduced by all hours spent on discovery. As set forth below, the Court disagrees.

As the Ninth Circuit has held, "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." See Cabrales v. Cty. of L.A., 935 F.2d 1050, 1053 (9th Cir. 1991). To determine whether hours sought in connection with an unsuccessful motion are compensable, courts look to whether such hours were "reasonably spent in pursuit of the litigation," and have excluded or reduced hours where the unsuccessful motion was "not factually or legally related to the claims in the lawsuit" or was "deficient or had no legal basis." See Jacobson v. Persolve, LLC, No. 14-CV-00735-LHK, 2016 WL 7230873, at

---

[2] Shaikh also seeks fees for 2.5 hours counsel anticipated spending to prepare for and appear at the hearing on the instant motion. (See id. ¶ 7.) Before those hours were expended, however, the Court took the motion under submission and vacated the hearing.

3

*11 (N.D. Cal. Dec. 14, 2016).

Here, the motion in question was both factually and legally related to Shaikh's claims, as the discovery sought pertained to "the neutrality and credibility" of Timothy Craven, M.D., M.P.H., a physician retained by Aetna to review Shaikh's medical records and on whose opinion Aetna relied in terminating his disability benefits. (See Mot. to Compel at 6:20-21.) As to whether the motion had a legal basis, although a number of courts have denied any discovery where, as here, the court conducts de novo review of an administrative record, others have granted discovery such as that sought by Shaikh. See Shaikh v. Aetna Life Ins. Co., No. 18-CV-04394-MMC-TSH, 2019 WL 1571876, at *3 (N.D. Cal. Apr. 11, 2019) (denying motion to compel; noting "[s]ome courts have held differently"); see also Nguyen v. Sun Life Assurance Co. of Canada, No. 14-CV-05295-JST-LB, 2015 WL 6459689, at *8 (N.D. Cal. Oct. 27, 2015) (collecting cases).

Aetna next argues the total hours spent on the motion were excessive. In that regard, the Court finds a portion of the hours claimed for preparation of the motion were not reasonably expended. In particular, more than half of the substantive argument was devoted to countering a cursory listing of objections that Aetna itself had identified as being subsumed in its one substantive objection. (See Mot. to Compel, Coen Decl. Ex. C at 25:7-18; Ex. D. at 31:7-18; see also Opp'n to Mot. to Compel at 7:20.)

Accordingly, the Court will reduce the total hours expended on the motion, see D'Emanuele, 904 F.2d at 1384, and finds the appropriate reduction is 40%, resulting in an exclusion of 2.3 hours for Springer Ayeni[3] and 7.6 hours for Coen.[4]

---

[3] This number of hours is calculated as follows: (4.5 hours described as "Edit Motion to Compel" + 1.3 hours described as "Edit motion to compel") x 40%. (See 2nd Springer Ayeni Decl. Ex. 5 at 10-11.)

[4] This number of hours is calculated as follows: (4.0 hours described as "Research regarding Motion to Compel" + 1.0 hours described as "Drafting Motion to Compel and associated documents" + 5.0 hours described as "Drafting Motion to Compel and associated documents" + 3.0 hours described as "Revising Motion to Compel" + 4.0 hours described as "Editing & preparing Motion to Compel & related documents" + 2.0 hours described as "Revising Motion to Compel & Drafting declaration") x 40%. (See 2nd Springer Ayeni Decl. Ex. 5 at 10-11.)

4

Further, the Court finds a portion of the hours claimed for preparation of the reply were not reasonably expended. In particular, approximately a quarter of Shaikh's argument was devoted to the undisputed proposition that, in ERISA cases involving de novo review, new evidence may be considered under a variety of circumstances, none of which were assertedly implicated here. (See Reply to Mot. to Compel at 2:9-4:7) (providing detailed descriptions of holdings in twelve cases).)

Accordingly, the Court will reduce the total hours expended on the reply and finds the appropriate reduction is 20%, resulting in an exclusion of 3.5 hours for Springer Ayeni[5] and 0.4 hours for Coen.[6]

### b. Clerical Tasks

Aetna next argues the total hours should be reduced by time spent by attorney Coen and paralegal Wilson on clerical tasks. In response, Shaikh concedes the time expended by Coen is not compensable, but contends the time expended by Wilson on "court filings, service, and binder preparation" was reasonable, as "each of these tasks required special legal skill to effectuate." (See Reply at 10:5-7.)

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." Davis v. City & Cty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (alteration in original), opinion vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Such clerical tasks include serving and filing papers, see id., as well as organizing documents, see Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009).

Accordingly, the Court will reduce the total hours claimed by 0.7 for Coen[7] and by

---

[5] This number of hours is calculated as follows: (11.7 hours described as "Draft reply brief" + 5.6 hours described as "Prepare reply brief – and research on Mongeluzo subsequent precedent") x 20%. (See 2nd Springer Ayeni Decl. Ex. 5 at 12.)

[6] This number of hours is calculated as follows: (1.2 hours described as "Research & analysis re CFR and discovery-related issues" + 0.8 hours described as "Edit reply brief") x 20%. (See 2nd Springer Ayeni Decl. Ex. 5 at 12.)

[7] This number of hours is calculated as follows: 0.5 hours described as "Filing complaint and opening docs" + 0.2 hours described as "File Summons Returned

6.2 for Wilson[8] to account for such clerical tasks.

### c.  Fee Motion

Aetna next argues the total hours should be reduced by time spent on preparation of the instant fee motion prior to March 26, 2020, the date on which Shaikh provided to Aetna billing statements in support of his claimed fees. In particular, Aetna contends Shaikh failed to comply with Civil Local Rule 54-5(a), which requires attorneys to "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." See Civil L.R. 54-5(a). Although, as one district court has noted, Rule 54-5(a) contains no requirement that the parties "meet and confer at any particular time" before a motion for fees is filed nor does it require that "the moving party provide any supporting documentation to the opposing party," see Robinson v. Delgado, No. 02-CV-01538-NJV, 2011 WL 672628, at *8 (N.D. Cal. Feb. 17, 2011), the rule could be understood to reflect an effort to avoid an unnecessary expenditure of hours, with a concomitant increase in fees sought beyond those expended in litigating the merits of the claims. Nevertheless, as the parties ultimately were unable to reach an agreement as to a reasonable fee award, the motion, even if prepared prematurely, was filed. The Court thus declines to reduce the hours on the basis of Rule 54-5(a).

Aetna next argues the remaining hours spent on the instant motion were excessive. In particular, Aetna points to the "fulsome descriptions of [Shaikh's] attorneys' legal backgrounds and expertise and the declarations solicited from other attorneys," which Aetna speculates "is preserved in templates on counsel's word processing system." (See Opp'n at 14:7-10.)

---

Executed." (See 2nd Springer Ayeni Decl. Ex. 5 at 3.)

[8] This number of hours is calculated as follows: 0.5 hours described as "Prepare packet for service" + 0.2 hours described as "Serve discovery requests" + 2.0 hours described as "Filing of Motion for Judgment and exhibits" + 3.5 hours described as "Prepare binders for oral argument." (See 2nd Springer Ayeni Decl. Ex. 5 at 3, 8, 16, 18.)

6

The Court finds a portion of the hours claimed for preparation of the first declaration of Springer Ayeni were not reasonably expended. Specifically, all of the representative cases, as well as a substantial majority of the professional activities, publications, and speaking engagements listed therein (see Springer Ayeni Decl. ¶¶ 4-5), amounting to approximately a third of the declaration, appear to have been previously identified in a motion for attorneys' fees filed in connection with one of those representative cases (see id. at ¶ 4); see also Barboza v. California Ass'n of Prof'l Firefighters, No. 08-CV-0519-KJM-EFB, (E.D. Cal. Dec. 15, 2015), (Doc. No. 177-2 at 9-12).

Accordingly, the Court will reduce the total hours expended on the first declaration of Springer Ayeni and finds the appropriate reduction is 30%, resulting in an exclusion of 2.0 hours for Springer Ayeni.[9]

The Court also finds, for the reasons discussed in a later section, a number of the hours claimed for work performed in connection with the submission of declarations from six of the eight assertedly comparable attorneys were not reasonably expended. (See infra Section 2.)

Accordingly, the Court will reduce the total hours claimed by 3.3 for Springer Ayeni to account for such declarations.[10]

### d. Conclusion as to Total Hours

For the reasons stated above, the Court finds 206.2 hours were reasonably

---

[9] This number of hours is calculated as follows: (1.5 hours described as "Prepare Declaration of CSA for Motion for Fees" + 5.3 hours described as "Prepare Declaration of CSA for Motion for Fees") x 30%. (See 2nd Springer Ayeni Decl. Ex. 5 at 24.)

[10] This number of hours is calculated as follows: 1.2 hours described as "Correspond with attorneys re filing declarations in support of attorneys' fees" + 1.2 hours described as "Communicate with attorneys concerning declarations in support of fee petition" + 0.1 hours described as "Review declaration of G. White" + 0.1 hours described as "Review declaration of Jeff Lewis" + 0.2 hours described as "Review final declaration of Jeff Lewis" + 0.2 hours described as "Call with attorney Ruth Silver Taube re Declaration" + 0.1 hours described as "Review declaration of Ruth Silver Taube" + 0.2 hours described as "Review declaration of Joe Creitz." (See 2nd Springer Ayeni Decl. Ex. 5 at 23-24.)

7

expended in litigating the instant action and preparing the instant motion, specifically, 149.6 hours for Springer Ayeni,[11] 47.4 hours for Coen,[12] and 9.2 hours for Jiampetti.

### 2. Hourly Rate

As noted, the determination of a reasonable hourly rate is made by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." See D'Emanuele, 904 F.2d at 1384.

Here, Shaikh seeks an award at the hourly rates of $800 for Springer Ayeni, who has been practicing law since 2002 (see Springer Ayeni Decl. ¶ 8), $500 for Coen, who has been practicing law since 2006 (see id. at ¶ 9), $450 for Jiampetti, who has been practicing law since 2007 (see id. at ¶ 10), and $200 for paralegal Wilson.[13] Aetna argues Shaikh has failed to provide "evidence that area counsel with similar expertise actually charge paying clients the rates [Shaikh] seeks here." (See Opp'n at 16:5-6.)

In support of her claimed hourly rate, Springer Ayeni submitted the declarations of eight attorneys, and, in response to Aetna's argument, relies on declarations of four of those other attorneys,[14] namely, Joseph A. Creitz ("Creitz"), Todd Jackson ("Jackson"), Brian H. Kim ("Kim"), and Michelle L. Roberts ("Roberts"). Of those four, only two have experience comparable to that of Springer Ayeni, specifically, Kim, who has been practicing law since 2002 (see Kim Decl. ¶ 3), and Roberts, who has been practicing law since 2005 (see Roberts Decl. ¶ 2).[15]

---

[11] This number of hours is calculated as follows: 160.7 hours – 2.3 hours – 3.5 hours – 2.0 hours – 3.3 hours.

[12] This number of hours is calculated as follows: 56.1 hours – 7.6 hours – 0.4 hours – 0.7 hours.

[13] As discussed above, the Court has not awarded any hours for the work performed by Wilson, and, consequently, does not further address herein the hourly rate claimed for said paralegal.

[14] The remaining four attorneys, specifically, Jeffrey Lewis, Geoffrey V. White, Ruth Silver Taube, and Margo Hasselman Greenough, do not identify the rates they charge paying clients.

[15] Creitz has been practicing law since 1992 (see Creitz Decl. ¶ 2), i.e., considerably longer than Springer Ayeni, and the twelve "exemplars" of prior cases

8

Hourly rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007).  Kim and Roberts have experience comparable to that of Springer Ayeni, and both charge paying clients at the hourly rate of $750.  (See Kim Decl. ¶ 7; Roberts Decl. ¶ 11.)[16]  The Court notes, however, that Springer Ayeni, for work performed prior to August 31, 2019, billed her clients at the hourly rate of $725 (see Springer Ayeni Decl. ¶ 8), and no explanation has been offered as to why Springer Ayeni should, in this instance, be awarded fees at a higher rate for work performed during that period.

As for associates, Shaikh submitted only one declaration, wherein Roberts stated her firm charges an hourly rate of $650 for work performed by associates with ten or more years of practice.  (See Roberts Decl. ¶ 11.)  As noted, Jiampetti and Coen have been practicing law for thirteen and fourteen years, respectively, and, as also noted, their work is billed at the hourly rates of $450 and $500, respectively.  The Court finds those rates are reasonable.

Accordingly, the Court finds, as to Springer Ayeni, the hourly rates of $725 for work performed prior to August 31, 2019, and $750 for work performed thereafter, are reasonable.  The Court also finds, as to Coen, the hourly rate of $500 is reasonable and, as to Jiampetti, the hourly rate of $450 is reasonable.

---

identified by Jackson appear to be class action lawsuits (see Jackson Decl. ¶ 4), whereas Springer Ayeni "almost exclusively represent[s] individuals" (see Springer Ayeni Decl. ¶ 2).

[16] Although Springer Ayeni points to her appointment as co-chair of the ABA-LEL's Employee Benefits Committee in support of her claimed hourly rate of $800 (see Springer Ayeni Decl. ¶ 8), both Kim and Roberts have held comparable positions (see Kim Decl. ¶ 4 (noting Kim's service as chair of the American Association for Justice's Insurance Section); Roberts Decl. ¶ 9 (noting Roberts' service as co-chair of the ABA-LEL's Ethics Subcommittee)).

### 3. Conclusion as to Amount of Award

The product of the number of hours and the hourly rates results in a lodestar figure of $138,087.50.[17] A "district court can," however, "impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation." See Moreno v. City of Sacramento, 534 F.3d 1106, 1122 (9th Cir. 2008). Here, as Shaikh sought disability benefits under the "Own Occupation" and "Any Occupation" provisions, and the Court found he was only entitled to such benefits under the former provision, the Court finds it appropriate to impose a ten percent reduction and, accordingly, will award Shaikh the sum of $124,278.75.

## II. Prejudgment Interest

Shaikh seeks an award of prejudgment interest in the amount of $2579.79, a sum equal to an interest rate of 10% applied to $25,797.93, i.e., the amount of disability benefits to which the parties agree Shaikh was entitled. The Ninth Circuit has held a district court may award prejudgment interest in ERISA cases to compensate a plaintiff for the loss he incurred as a result of the defendant's nonpayment of benefits. See Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 988 (9th Cir. 2001). Whether to award prejudgment interest "is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities," see Shaw v. Int'l Ass'n. of Machinists, 750 F.2d 1458, 1465 (9th Cir. 1985), and "the interest rate proscribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of prejudgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).

Shaikh, as noted, requests an award of prejudgment interest at the interest rate of 10%. In support thereof, Shaikh, citing two cases in which prejudgment interest was

---

[17] This sum is calculated as follows: (78.1 hours for Springer Ayeni x $725 hourly rate) + (71.5 hours for Springer Ayeni x $750 hourly rate) + (47.4 hours for Coen x $500 hourly rate) + (9.2 hours for Jiampetti x $450 hourly rate).

awarded at such rate, see Hart v. Unum Life Ins. Co. of Am., No. 15-CV-05392 WHA, 2017 WL 4418680 (N.D. Cal. Oct. 4, 2017); Bosley v. Metro. Life Ins. Co., No. 16-CV-00139 WHA, 2017 WL 4071346 (N.D. Cal. Sept. 14, 2017), argues he is entitled to interest at the rate of 10% because of "[t]he length of time [he] had to spend without an income." (See Reply at 10:15-16.)  As Aetna points out, however, Shaikh "has provided no evidence at all to support" such assertion. (See Opp'n at 17:15.)  By contrast, in the cases on which Shaikh relies, the plaintiffs submitted declarations in which they described the particular hardship they suffered as a result of losing their disability benefits.  See Hart, 2017 WL 4418680, at *3 (noting plaintiff "los[t] her house and her car"); Bosley, 2017 WL 4071346 at *3 (noting plaintiff "move[d] to Missouri for more affordable housing").

Accordingly, as Shaikh has not submitted "substantial evidence[ ] that the equities of [his] particular case require a different rate," see Grosz-Salomon, 237 F.3d at 1164, the Court will award prejudgment interest in accordance with 28 U.S.C. § 1961.

## CONCLUSION

For the reasons stated above, Shaikh's motion for attorneys' fees and prejudgment interest is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Shaikh seeks an award of attorneys' fees, Shaikh's motion is hereby GRANTED, and Shaikh is hereby awarded attorneys' fees in the amount of $124,278.75.

2. To the extent Shaikh seeks an award of prejudgment interest, Shaikh's motion is hereby GRANTED, and Shaikh is hereby awarded prejudgment interest in accordance with 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated: June 19, 2020

MAXINE M. CHESNEY
United States District Judge

11